# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
**No. 21-835V**
**Filed: May 7, 2026**

|  |  |
|---|---|
| JASON GASKIN *and* TABITHA GASKIN, *on behalf of their son, JASON GASKIN, JR., Deceased*, <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Horner |

*Lisa Annette Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioners.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 1, 2021, petitioners filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012),[2] alleging that their son, Jason, suffered fatal myocarditis as a result of influenza ("flu") and/or varicella vaccinations he received at his 15-month wellness check on February 7, 2019. (ECF No. 1.)  On February 11, 2025, a decision was issued finding that petitioners are not entitled to compensation, and judgment entered on March 26, 2025.  (ECF Nos. 41, 43.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

This decision now addresses petitioners' motion for an award of final attorneys' fees and costs, filed on July 16, 2025. (ECF No. 45.) Petitioners seek an award totaling $124,935.47. Specifically, petitioners' counsel billed $114,037.80 in attorneys' fees and presented firm costs in the amount of $640.62. (*Id.* at 2; ECF No. 45-2; ECF No. 45-4.) However, petitioners directly paid for several additional litigation costs in the total amount of $6,132.05, including $5,500 for the services of their expert, Dr. Chang. (ECF No. 45, p. 2 n.2; ECF No. 45-6.) Further to that, Dr. Chang has an additional outstanding bill of $4,125.00. (ECF No. 45, p. 2 n.2; ECF No. 45-8.)[3] In his response, respondent agreed that the statutory requirements for an award of attorneys' fees and costs have been met,[4] and deferred to the court with respect to what would constitute a reasonable amount for such an award. (ECF No. 46.)

In determining the appropriate amount to be awarded, the Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id*. at 1348. It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). However, "[t]he failure of respondent to identify with particularity any objection to a request for attorneys' fees and costs may be taken into consideration by the special master in the decision." Vaccine Rule 13(a)(3).

Based on a review of the billing records accompanying petitioners' motion, the hourly rates requested for counsel's work are reasonable and consistent with what has previously been accepted. *E.g.*, *Bohannon v. Sec'y of Health & Human Servs.*, No. 23-235V, 2025 WL 2955228, at *3 (Fed. Cl. Spec. Mstr. Sept. 12, 2025). Additionally,

---

[3] Confusingly, petitioners' motion includes exhibits pertaining to a Dr. Saxon. (*See* ECF No. 45-9; ECF No. 45-10; ECF No. 45-11.) However, no report by a Dr. Saxon was filed and I do not see any request for reimbursement of a fee for Dr. Saxon. Moreover, his name does not appear anywhere in counsel's billing record as someone consulted in this case. Accordingly, these exhibits are disregarded.

[4] Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

based on my review of the billing records, I find the overall number of hours billed to be largely reasonable.[5]  However, a small reduction in the requested fees is necessary for several reasons, including counsel and the paralegal separately billing for the same task, excessive or unnecessary billing for intraoffice communications between counsel and her paralegal, and billing for administrative tasks which have been found to be non-compensable in this program.[6]  Accordingly, the undersigned finds that a 2% reduction to the requested attorneys' fees is reasonable and appropriate.  This results in a reduction of $2,280.76.

Attorneys' costs are subject to the same reasonableness requirements as attorneys' fees.  *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Most of the requested costs are expert expenses, specifically $9,625 for the work of cardiologist Anthony Chang, M.D., who billed 19.25 hours at $500 per hour.  (ECF No. 45-8.)  I find that all of the requested costs are reasonable and sufficiently documented.

---

[5] Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  In reviewing fee applications, special masters need not engage in a line-by-line analysis.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  Instead, they may rely on their experience with the program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

[6] For example, on February 3, 2021, the paralegal billed 0.3 hours for conferencing with counsel about the notice of assignment, the notice of electronic designation, and the routine notice of appearance by Hearther Pearlman, initially designated as Respondent's counsel in all vaccine cases.  (ECF No. 45-2, p. 5.)  On February 11, 2021, counsel and the paralegal both individually billed 0.1 hours for conferencing about the PAR initial order.  (*Id.*)  Moreover, on October 1, 2021, counsel and the paralegal both billed 0.1 hours for a meeting about the 240 notice, and on January 20, 2022, both counsel and her paralegal billed 0.1 hours for a meeting about Dr. Chang's missing references.  (*Id.* at 19, 24.)  On October 20, 2023, counsel and her paralegal both billed 0.1 hours to "Review Order Granting Motion For Extension of Time To File Reply."  (ECF No. 45-2, p. 70.)  Counsel has been cautioned against engaging in these very specific practices in prior decisions.  *E.g.*, *Bronson v. Sec'y of Health & Human Servs.*, No. 21-1741V, 2025 WL 2754489, at *2 (Fed. Cl. Spec. Mstr. Aug. 29, 2025) (reducing Ms. Roquemore's awarded fees for excessive billing for simple tasks); *D.S. v. Sec'y of Health & Human Servs.*, No. 10-277V, 2017 WL 6397826, at *4-5 (Fed. Cl. Spec. Mstr. Nov. 20, 2017) (reducing Ms. Roquemore's fee award due, in part, to counsel and her paralegal billing for the same meeting with each other).  Additionally, examples of clerical tasks billed for include creating a Dropbox folder, downloading documents from and uploading documents to a Dropbox folder, and organizing back-up documents.  (ECF No. 45-2, pp. 5, 22-23, 55.)  Again, other special masters have reduced Ms. Roquemore's fee awards for billing for such tasks.  *E.g.*, *J.T. v. Sec'y of Health & Human Servs.*, No. 12-618V, 2018 WL 4623163, at *4 (Fed. Cl. Spec. Mstr. Apr. 20, 2018); *Rosof v. Sec'y of Health & Human Servs.*, No. 14-766V, 2017 WL 1649802, at *2 (Fed. Cl. Spec. Mstr. Mar. 31, 2017) (noting that while these tasks "may be necessary to the firm's continued operation," they "are clearly administrative in nature" and therefore non-compensable).  The undersigned stresses that these examples are non-exhaustive.

In light of the above, petitioners' motion (ECF No.45) is **GRANTED** and petitioners are awarded a lump sum of $122,654.71, representing reimbursement of attorneys' fees and costs to counsel in the amount of $116,522.66 and reimbursement of costs to petitioners in the amount of $6,132.05, to be paid through an ACH deposit to petitioners' counsel of record, Lisa Annette Roquemore's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[7]

     **IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).